IRENA M. WARNER, ADMINISTRATRIX, ETC., OF JOEL B WARNER, DECEASED, APPELLANT, *v.* MARIA MILLER RESPONDENT.

*Repairs to boat — liability of owner for — when credit given to captain.*

Plaintiff's intestate made repairs upon a canal boat owned by the defendant, in pursuance of orders received from the captain of the boat. Subsequently, the captain paid to the plaintiff a portion of the bill, and gave his note for the balance. The plaintiff, without returning the note, brought this action after its maturity against the defendant.

*Held,* that the acceptance of the note of the captain, without explanation, was sufficient to show that the credit was given to him, and not to the owner, and that plaintiff could not recover.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action by the court without a jury.

*S. N. Dada,* for the appellant.

*Pardee & Piper,* for the respondent.

MULLIN, P. J.:

In August, 1874, the defendant was owner of the canal boat "E. S. Pardee," of Fulton. Jerome E. Miller, the defendant's husband, was the master of said boat. By the direction of the captain, plaintiff's intestate made repairs on said boat to the amount of seventy dollars and sixty-three cents.

In December, 1874, the captain paid to the plaintiff, the administratrix of the estate of her late husband, twenty-five dollars upon said bill and gave his note for forty-five dollars and sixty-three cents, the balance of said bill, payable eight months after date with interest. Plaintiff held said note at the time of the trial and no part of it has been paid.

This action is brought to recover of the defendant the amount of the unpaid balance of the repairs. The cause was tried by the court, without a jury, who found the foregoing facts and ordered judgment in favor of the defendant dismissing plaintiff's complaint.

From the judgment entered pursuant to the direction of the court the plaintiff appeals.

The defendant was owner of the boat and as such was liable for repairs made upon her by direction of the captain. (Abbott on Shipping, 132 and notes, and cases cited.) When it is shown, however, that the repairs were made on the credit of the captain alone the owner is not liable. (*Cox* v. *Reid*, 12 E. C. L., 342 ; *Baker* v. *Buckle*, 17 id., 515 ; *Jennings* v. *Griffiths*, 21 id., 700 ; *James* v. *Bixby*, 11 Mass., 34.) And taking the note of the captain for the amount of the repairs is sufficient evidence of that fact. (Abbott on Shipping, 133, note 111, and cases cited.) The note in such case is not considered as payment of the debt so as thereby to discharge the owner, but solely as evidence that the work was not done on the credit of the owner.

The judgment must be affirmed.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment affirmed.